UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUSSELL SMITH,<br><br>        Plaintiff,<br><br>       v.<br><br>AMERIQUEST MORTGAGE CO.,<br><br>        Defendant. | CASE NO.  C04-1494RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT |

## **I.  INTRODUCTION**

      This matter comes before the Court on defendant's Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, Motion for Summary Judgment.  (Dkt. #17).  Defendant argues that dismissal is appropriate because plaintiff has failed to join an essential party, plaintiff's Washington Consumer Protection Act ("CPA") claims are not actionable, and plaintiff has failed to plead his allegations of fraud with particularity.  Although it is not entirely clear from the briefing, plaintiff appears to respond that dismissal should not be granted because federal law does not preempt his Washington CPA claims, and because he believes evidence yet to be produced will support his fraud claims.  (Dkt. #20).  Plaintiff makes no response to defendant's joinder of necessary parties argument.

ORDER OF DISMISSAL
PAGE - 1

Having reviewed defendant's motion to dismiss (Dkt. #17), plaintiff's opposition (Dkt. #20), defendant's reply/request to strike (Dkt. #22), the declarations in support of those briefs, and the remainder of the record, the Court hereby DISMISSES the Complaint.

## II. DISCUSSION

### A. Background

The instant action arises from two separate mortgage refinance agreements between plaintiff, Russell Smith, and defendant, Ameriquest Mortgage Company. In January of 2001, plaintiff and his former wife, Ms. Doheny-Smith, refinanced a home mortgage through defendant. The refinance loan was secured by a deed of trust on plaintiff's home, for a sum of $168,000, and carried an adjustable interest rate of 11.150%. The refinance loan also contained a prepayment penalty if the loan was paid in full during the first three years. The loan amount included $113,240.74 to pay off a first mortgage, $45,623.75 to pay off a second mortgage, $1,810.06 to pay off a lien, $1,328.30 to pay the Smiths' 2000 General Taxes, and $545.52 in cash to the Smiths.

Plaintiff and Ms. Doheny-Smith were subsequently divorced, and plaintiff was remarried to Ms. Rose A. Smith.

In July of 2002, plaintiff and his wife, Ms. Rose Smith, again sought to refinance their mortgage. Apparently after looking at several different lenders, plaintiff negotiated with defendant for a second refinance loan, but only if defendant agreed to waive the prepayment penalty associated with the first refinance loan. Defendant agreed to waive the penalty, and the parties entered into a second refinance agreement. The second loan was secured by a deed of trust on plaintiff's home, for a sum of $203,000. The loan amount included $170,0467.57 to pay off the first refinance loan, $12,260.49 in settlement fees and costs, $271.94 in cash to the Smiths, and $20,000.00 to Ms. Doheny-Smith pursuant to a divorce agreement. The loan carried an interest rate of 8.74%.

ORDER OF DISMISSAL
PAGE - 2

On March 26, 2004, plaintiff – without naming his former wife, current wife, or any community property interest – filed the instant action in Snohomish County Superior Court. In the Complaint, plaintiff alleges that defendant engaged in an unfair and deceptive act by charging him a loan discount fee on the second mortgage refinance, because the fee was never discussed with him, and it did not reduce the loan interest rate. Plaintiff further alleges that the prepayment penalty clause on the first loan refinance was never discussed or explained prior to his signing of the loan documents.

Defendant subsequently removed the case to this Court on June 29, 2004. This motion to dismiss followed.

**B. Standards of Review**

Defendant has moved for dismissal under Rules 12(b)(6) and (b)(7) of the Federal Rules of Civil Procedure, or, in the alternative, summary judgment. Under Rule 12(b)(6), the Court must dismiss a claim if plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). In deciding a motion to dismiss, the Court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff. *See Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir. 2002); *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Associated Gen. Contractors*, 159 F.3d at 1181.

A motion to dismiss under 12(b)(7) for failure to join a party must be decided on a motion to dismiss, not summary judgment. *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774 (9th Cir. 2005); Dredge Corp. v. Penny, 338 F.2d 456, 463-64 (9th Cir. 1964). On such a motion, the Court must determine whether a nonparty should be joined under Rule 19(a). If an absentee is a necessary party under Rule 19(a), the Court must then determine whether it is feasible to

order that the absentee be joined. If joinder is not feasible, the Court must determine whether the case can proceed without the absentee, or whether the absentee is an "indispensable party" such that the action must be dismissed. *Peabody W. Coal Co.*, *supra*.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).

**C. Failure to Join an Essential Party**

Defendant first argues that the Complaint should be dismissed because plaintiff failed to join either his former wife, who was a signatory to the first refinance loan, or his current wife, who is a signatory to the second refinance loan, and because he has also failed to include any community property interest in his Complaint. As noted above, the Court must first determine

ORDER OF DISMISSAL
PAGE - 4

whether a nonparty should be joined under Rule 19(a). *Peabody W. Coal Co.*, *supra*.

In relevant part, Rule 19(a) provides that:

> [a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. . . . If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Fed. R. Civ. P. 19(a).

Defendant asserts that if plaintiff's former wife, current wife, and community property interest are not joined in this action, complete relief cannot be accorded among those already parties. Plaintiff does not dispute that assertion. Thus, the Court agrees with defendant that the nonparties are necessary and should be joined.

The Court then turns to whether it is feasible to join the nonparties. Rule 19(a) sets forth three circumstances in which joinder is not feasible: when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction *See* Fed. R. Civ. P. 19(a); *see also EEOC v. Peabody W. Coal Co.*, *supra*; *Tick v. Cohen*, 787 F.2d 1490, 1493 (11th Cir. 1986) (listing the three factors that may make joinder unfeasible). Defendant presents no argument as to the feasibility of joinder of plaintiff's former wife, current wife or community property interest. However, the Court sees no reason why joining any of those parties would make venue in this District improper or destroy subject matter jurisdiction, nor are there any facts present to presume that the parties would not be subject to personal jurisdiction in this Court. Indeed, defendant presents numerous factors demonstrating that the nonparties are subject to both personal and subject matter jurisdiction in this Court, and are therefore proper parties to this litigation. (Dkt. #17 at 8-10).

Accordingly, the Court finds that, rather than dismiss this case for failure to join the necessary parties, the proper remedy is an Order requiring joinder of plaintiff's former wife, current wife, and community property interest, as parties to this case. However, because the Court finds that dismissal of plaintiff's Complaint is warranted for other reasons, the Court will not issue an Order for joinder of the nonparties.

### D. Failure to State a Consumer Protection Act Claim

In claim one of the Complaint, plaintiff alleges that defendant has committed a *per se* violation of Washington's CPA because it charged plaintiff a loan discount fee on both refinance transactions, and the fee did not actually lower the interest rate. (Dkt. #1, Complaint at 3). It appears that plaintiff believed he would receive a reduced interest rate by paying the fee, although he does not state that he was actually told as much.

In claim two of the Complaint, plaintiff alleges that defendant has violated the Washington CPA by charging a loan discount fee that was really the prepayment penalty defendant agreed to waive. (Dkt. #1, Complaint at 3-4). Plaintiff bases this allegation on his assertion that the amount of the loan discount fee was "almost the same amount of the prepayment penalty." (Dkt. #1, Complaint at 3). Plaintiff also alleges that defendant failed to explain the purpose of the loan discount fee, and didn't "acknowledge its existence."

Rule 12(B) states that a motion to dismiss under 12(b)(6) shall be treated as a motion for summary judgment if matters outside the pleading are presented to, and not excluded by, the Court. In support of its motion, defendant has presented a number of declarations and exhibits for the Court's consideration. Accordingly, the Court will treat this portion of defendant's motion as one for summary judgment. Plaintiff has had the opportunity to respond and present his own declarations in support of his response.

Defendant argues that plaintiff has no basis for his CPA claims because the term "loan discount fee was originated by the Department of Housing and Urban Development ("HUD"),

ORDER OF DISMISSAL
PAGE - 6

the loan discount fee did provide a benefit to plaintiff, and the terms of the loan discount fee were fully disclosed to plaintiff at the time he obtained the loan. (Dkt. #17 at 10). The Court agrees.

Obligations for disclosure duties that bind mortgage lenders are set forth in the Real Estate Settlement Procedures Act ("RESPA"). Defendant adopted the suggested terms and forms provided by that Act, which includes use of the term "loan discount fee" to itemize the costs paid to the lender at settlement. Under RESPA and the corresponding regulations, a lender cannot be held liable for using forms and terminology set forth by the Act. *See* 12 U.S.C. § 2617(b) (providing that "no provision of this chapter or the laws of any State imposing any liability shall apply to any act done or omitted in good faith conformity with any rule, regulation, or interpretation thereof by the Secretary"). Washington law specifically incorporates RESPA disclosure requirements. RCW 19.146.030(2).

In the instant case, defendant fully disclosed the loan discount fee in connection with both of plaintiff's refinance loans. Prior to both loan transactions, plaintiff received a Truth In Lending Disclosure, which disclosed the prepayment penalty, a Good Faith Estimate, which disclosed the loan discount fee and other fee and cost estimates, along with other loan documents. In addition, plaintiff received and signed his loan Note, disclosing the prepayment penalty, a Truth in Lending Disclosure Statement, disclosing the prepayment penalty, a Borrower's Acknowledgment of Final Loan Terms, disclosing settlement charges and the prepayment penalty, and a document called "Understanding Your Loan." As detailed, these documents provided notice to plaintiff that his refinance loan would include both a prepayment penalty and a loan discount fee.

Plaintiff does not dispute that he received these documents or that he signed these documents. In fact, he alleges no RESPA violation at all. Instead, he attempts to raise only a CPA violation. However, plaintiff ignores the fact that, having complied with RESPA,

ORDER OF DISMISSAL
PAGE - 7

defendant cannot be held liable for a CPA violation under state law. 12 U.S.C. § 2605 (stating that a lender in compliance with RESPA disclosure obligations shall be considered to have complied with the provisions of any state law or regulation requiring notice); *see Weatherman v. Gary-Wheaton Bank of Fox Valley, N.A.*, 186 Ill.2d 472, 488 (1999) (holding that the lender's compliance with RESPA rendered the lender except from liability under the Illinois Consumer Fraud Act). The cases plaintiff cites in support of his argument, do not hold otherwise. (*See* Dkt. #20 at 3-4). Rather, those cases stand for the proposition that a violation of RESPA can also support a violation of a state consumer protection law. *See, e.g., Brazier v. Sec. Mortg., Inc.*, 245 F. Supp.2d 1136, 1142 (W.D. Wash. 2002) (explaining that a violation of RESPA constitutes an unfair or deceptive act or practice in violation of the CPA). However, as already noted, plaintiff has not made such an allegation.

Finally, while plaintiff asserts that he did not benefit from the loan discount fee, he ignores the fact that he was able to consolidate two mortgage loans that carried high interest rates, into one refinance loan that carried a lower interest rate, he paid off consumer debt, taxes and a divorce settlement, and he received a small sum in cash back. Moreover, plaintiff concedes that the loan discount fee "probably lowered his interest rate by a small amount." (Dkt. #20 at 6). Thus, the Court fails to recognize how plaintiff did not "benefit" from the refinance transaction. In addition, the Court notes that defendant did not agree to refinance plaintiff's loan for free. Defendant disclosed certain fees and costs to plaintiff, and, as evidenced by his own signature on the loan documents, he was aware of those fees. Therefore, the Court finds that he has failed to show any unfair or deceptive act sufficient to support a CPA claim. Accordingly, the Court finds that summary judgment in favor of defendants is appropriate on those claims.

**E. Failure to Plead Fraud with Particularity**

In count three of his Complaint, plaintiff alleges fraudulent misrepresentation, claiming,

ORDER OF DISMISSAL
PAGE - 8

as above, that he was not aware of the loan discount fee and that the fee did not lower his interest rate. (Dkt. #1, Complaint at 4-5). Defendant argues that this claim should be dismissed because it has not been pled with particularity, and it contains only vague and unsubstantiated allegations. (Dkt. #17 at 17). The Court agrees.

Plaintiff fails to present any specific evidence in support of the fraudulent misrepresentation allegation, asserting only that he "believes" there is evidence that defendant knew a portion of the loan discount fee would not lower plaintiff's interest rates. (Dkt. #20 at 6). That is not sufficient to support a fraud claim. The Ninth Circuit Court of Appeals has specifically stated that conclusory allegations of fraud supported by "a handful" of neutral facts, cannot sustain a fraud allegation. *In re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1549 (9th Cir. 1994). Moreover, as discussed above, the evidence presented by defendant demonstrates that plaintiff was aware of the loan discount fee at the time he closed his loan transaction, and he did benefit from payment of that fee. Accordingly, the Court agrees with defendant that the fraudulent misrepresentation claim must also be dismissed.

### F. Defendant's Motion to Strike

The Court declines to consider defendant's Motion to Strike because the Court did not rely on the evidence cited in that motion in making its decision. (*See* Dkt. #22 at 3). Thus, the motion now appears moot.

### III. CONCLUSIONS

Having reviewed defendant's motion to dismiss, and in the alternative, motion for summary judgment (Dkt. #17), plaintiff's opposition (Dkt. #20), defendant's reply (Dkt. #22), and the remainder of the record, the Court hereby DENIES defendant's motion to dismiss for failure to join a necessary party, but GRANTS defendant's motion for summary judgment.

Plaintiff has failed to demonstrate sufficient grounds for his Washington CPA claims, and therefore, those claims against defendant are hereby DISMISSED.

Plaintiff has failed to plead a fraudulent misrepresentation claim with particularity, and therefore, that claim against defendant is also DISMISSED.

There are no claims remaining against defendant. Accordingly, this action is hereby DISMISSED, and the case is CLOSED.

The Clerk shall forward a copy of this Order to all counsel of record.

DATED this _13__ day of April 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE